UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:08cv11

| | )|
|---|---|
|**IRWIN INDUSTRIAL TOOL COMPANY,** | )<br>)<br>)|
|Plaintiff, | )<br>)|
|v. | )<br>)<br>)|
|**UNITED GENERAL SUPPLY CO., INC. d/b/a LEE TOOLS,** | )<br>)<br>)|
|Defendant. | )<br>)<br>)|

**THIS MATTER** is before the Court upon a joint stipulation for entry of permanent injunction and proposed permanent injunction and order for dismissal. (Doc. No. 20). Plaintiff, Irwin Industrial Tool Company ("Plaintiff" or "Irwin"), filed its Complaint against the Defendant, United General Supply Co., Inc. d/b/a Lee Pro Tools and Lee Tools ("Lee Tools" or "Defendant") (collectively, the "Parties"), on January 10, 2008. The Court finds that the proposed stipulation is well taken and that good cause exists for the granting of a permanent injunction and order for dismissal.

Now, upon the following Stipulation by the Parties, pursuant to a separate confidential Settlement Agreement entered by the Parties on or about January 9, 2009, and in amicable resolution of the above-captioned matter, Defendant has agreed to Plaintiff's request for a permanent injunction restraining it from certain activities that Plaintiff alleges infringe its trade dress and trademark rights, as set forth more fully below.

# STIPULATED FACTS

**A. Irwin's Alleged Trade Dress and Trademark Rights.**

1. Irwin filed a Complaint on January 10, 2008, initiating the above-captioned action against Lee Tools, alleging trade dress and trademark infringement, unfair competition, and unfair and deceptive trade practices under federal and North Carolina law.

2. Irwin and its predecessors-in-interest contend that they have continuously used the colors blue and yellow for over 15 years on product packaging, tools, cases, displays, marketing, and promotional items, including but not limited to, use of such colors on tool handles and grips (the "Irwin Trade Dress"). The Irwin Trade Dress is alleged to be distinctive and used throughout the Irwin tool line of products and accessories. Irwin contends that consumers associate the Irwin Trade Dress with Irwin and its superior quality hand tools and power tool accessories, including its retractable blade knife.

3. Plaintiff Irwin alleges that it establishes and maintains quality standards for products bearing the Irwin Trade Dress. As a result of Irwin's strict quality control, Irwin contends that its trade dress has become synonymous with high quality on a wide variety of hand tools and power tool accessories sold by Irwin.

4. To promote Irwin's business and associate Irwin with the Irwin Trade Dress, Irwin has and continues to advertise its products extensively to the public, including sponsoring a Roush Racing NASCAR Nextel Series race team. Irwin alleges that it has spent tens of millions of dollars in the last several years in advertising, promotional activities, and packaging development. Irwin contends that all of its advertising, marketing and in-store displays prominently features the alleged Irwin Trade Dress.

5. As a result of its extensive and continuous use by Irwin, Irwin contends that the Irwin

Trade Dress has become closely associated with Irwin in the mind of the public so that the public has come to recognize the products of Irwin by the Irwin Trade Dress. Irwin contends that it enjoys substantial good-will and a valuable reputation symbolized by the Irwin Trade Dress. When encountering the Irwin Trade Dress on products, Irwin contends that customers and potential customers expect superior quality products based on Irwin's reputation and goodwill in the marketplace.

6. Consequently, through such usage and recognition, Irwin alleges to have acquired common law rights in the Irwin Trade Dress, whose scope allegedly extends, without limitation, to the exclusive right to use the Irwin Trade Dress in the United States in conjunction with hand tools and power tool accessories.

7. Plaintiff Irwin contends that it owns the trademark "QUICK CHANGE", used in conjunction with the promotion, advertising, and sale of its hand tools and power tool accessories, including Irwin's ProTouch™ retractable blade knife.

8. Irwin alleges that it has continuously used the QUICK CHANGE mark in interstate commerce in the United States since at least 2004, in connection with the advertising and sale of its high quality hand tools and power tool accessories. Irwin alleges that the QUICK CHANGE trademark has come to identify it as a source of high quality hand tools and power tool accessories.

9. Through its extensive use and advertising of its QUICK CHANGE mark, Irwin contends that consumers have come to associate Irwin as the source of products bearing the QUICK CHANGE mark.

10. When purchasing products bearing the QUICK CHANGE mark, Irwin alleges that consumers expect to receive hand tools and power tool accessories of superior quality and performance, which consumers purportedly have come to expect from Irwin products.

**B.     Lee Tools' Alleged Trade Dress Rights and Defenses.**

11.     Lee Tools filed an Answer in the above-captioned matter on February 25, 2008, which denied Irwin's allegations of infringement in their entirety, and set forth Affirmative Defenses to Irwin's claims, including but not limited to, Lee Tools' contention that it has acquired its own, pre-existing trade dress rights in the colors blue and yellow in connection with the sale of hand tools and accessories (the "Lee Tools Trade Dress"), which predate any rights that Irwin might have in the alleged Irwin Trade Dress.

12.     Lee Tools contends that it has continuously used the Lee Tools Trade Dress in connection with the sale of hand tools, power tools, garden tools, automotive products, and other accessories, since 1999.

13.     Lee Tools further denies that there is any possibility of likelihood of confusion between the alleged Lee Tools Trade Dress and the alleged Irwin Trade Dress, as Lee Tools believes the colors used by each respective company are sufficiently distinct so as to avoid any potential confusion.

14.     Lee Tools also disputes Irwin's allegation that it and its predecessors-in-interest have continuously and exclusively used the alleged Irwin Trade Dress for 15 years on hand tools, and it disputes the scope of rights that Irwin has alleged it owns.

**C.     Lee Tools' Alleged Infringement.**

15.     Irwin contends that Lee Tools' use of the Lee Tools Trade Dress is confusingly similar to the Irwin Trade Dress, and is an attempt to confuse consumers and trade off Irwin's goodwill and reputation.

16.     Lee Tools has no affiliation with Irwin and has not been authorized by Irwin to use the alleged Irwin Trade Dress, or any colorable imitations thereof, in connection with any of Lee

Tools' goods or services.

17. Irwin contends that the hand tools marketed, promoted, and sold by Lee Tools under the Lee Tools Trade Dress are so similar to the Irwin Trade Dress that the sale of such hand tools is likely to cause confusion and to deceive and mislead the public into becoming interested in and/or acquiring Defendant's products believing the products are offered under the control or with the authorization of Irwin. Irwin further contends that Defendant's alleged choice of similar colors, similar accent lines, and similar product presentations manifests an intent and willful attempt to trade upon the goodwill created by, and subsisting in, the alleged Irwin Trade Dress.

18. Lee Tools has in the past sold the "Lee Pro Tools Quick Change Utility Knife," which Irwin contends is an inferior copy of the trade dress of Plaintiff Irwin's "ProTouch™ Retractable Blade Knife. Lee Tools has ceased selling this particular hand tool.

19. Irwin further alleges that Defendant's use of the QUICK CHANGE trademark in conjunction with the sale of its utility knife infringes Plaintiff's common law trademark rights in its mark QUICK CHANGE.

20. In an effort to amicably resolve Irwin's allegations of trade dress and trademark infringement, and without admitting to such infringement, Lee Tools agrees to the injunctive relief set forth in the attached Permanent Injunction.

**PERMANENT INJUNCTION AND ORDER FOR DISMISSAL**

Based upon the foregoing, the Parties hereby further stipulate, and **IT IS HEREBY ORDERED** that:

1. Lee Tools, together with its past, present, and future owners, shareholders, and affiliated entities and their respective directors and officers, successors and assigns, be, and hereby are, permanently enjoined from manufacturing, importing, distributing, selling or offering to sell any

Lee Tools products that both bear the alleged Irwin Trade Dress and have a potential Irwin product counterpart, in contradiction of Irwin's alleged rights therein, except as otherwise noted in the confidential Settlement Agreement reached by the Parties; the scope of the alleged Irwin Trade Dress referenced in this paragraph is further defined as follows:

> (a)   any shade of the color blue which has a CMYK[1] subtractive color model formula which falls into the following ranges: a C value between 90% and 100%, together with an M value between 25% and 100%, together with a K value between 19% and 28%, in combination with any shade of the color yellow which has a CMYK subtractive color model formula which falls into the following ranges: an M value between 0% and 47%, together with a Y value between 95% and 100%, together with a K value between 0% and 9%; and/or
>
> (b)   any shade of blue which has a CMYK subtractive color model formula which falls into the following ranges: a C value of 100%, together with an M value between 58% and 100%, together with a K value between 19% and 28%;

and further, the Lee Tools products that have a potential Irwin product counterpart, to which this injunction shall apply, are defined by the spreadsheet attached hereto as Exhibit A and incorporated herein by reference, while the Lee Tools products that do not have an Irwin product counterpart, to which this injunction shall not apply, are defined by the spreadsheet attached hereto as Exhibit B and incorporated herein by reference;

2.   Lee Tools, together with its past, present, and future owners, shareholders, and affiliated entities and their respective directors and officers, successors and assigns, be, and hereby are, permanently enjoined from manufacturing, importing, distributing, selling or offering to sell, the Utility Knife identified in the Complaint at Exhibit 4, ECF Document Nos. 5-16, 5-17, and 5-18, in contravention of the alleged Irwin Trade Dress rights, except as otherwise noted in the confidential Settlement Agreement reached by the Parties;

3.   Lee Tools, together with its past, present, and future owners, shareholders, and

---

[1] CMYK stands for cyan, magenta, yellow, and key (black), as this term is used in the color printing industry.

affiliated entities and their respective directors and officers, successors and assigns, be, and hereby are, permanently enjoined from using Irwin's alleged trademark QUICK CHANGE in conjunction with the promotion, advertising, and sale of its hand tools or any other products, except as otherwise noted in the confidential Settlement Agreement reached by the Parties;

4. This action, and all claims raised therein, shall be **DISMISSED WITH PREJUDICE**; and

5. This Court shall retain continuing jurisdiction over the Parties and the subject matter of this dispute, in the event that enforcement of the Permanent Injunction entered herein, or of the referenced Settlement Agreement reached between the Parties, shall become necessary.

**IT IS SO ORDERED**.

Signed: January 23, 2009

Robert J. Conrad, Jr.
Chief United States District Judge

| | | |
|---|---|---|
| Dated: | January 21, 2009 | McGUIRE WOODS L.L.P |

/s/Robert A. Muckenfuss
Robert A. Muckenfuss, #28218
100 North Tryon Street, Suite 2900
Charlotte, North Carolina 28202-4011
Tel: (704) 343-2000
Fax: (704) 343-2300

**ATTORNEY FOR PLAINTIFF**

| | | |
|---|---|---|
| Dated: | January 21, 2009 | LEFFERT JAY & POLGLAZE, P.A. |

/s/Nicholas S. Kuhlmann
Jonathan D. Jay, MN Bar No. 18603x
Nicholas S. Kuhlmann, MN Bar No. 33750x
150 South Fifth Street, Suite 1900
Minneapolis, Minnesota 55402
Tel: (612) 312-2200
Fax: (612) 312-2250
*Admitted Pro Hac Vice*

**ATTORNEYS FOR DEFENDANT**